# UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEW JERSEY

M.L. KING, JR.  FEDERAL BUILDING

50 WALNUT ST., 3RD FLOOR

NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH                                                     (973) 645-4693

BANKRUPTCY JUDGE                                                        Fax: (973) 645-2606

## NOT FOR PUBLICATION

**FILED**

JAMES J. WALDRON, CLERK

**MAY 18, 2011**

U.S. BANKRUPTCY COURT
NEWARK, N.J.

BY:  s/ Ronnie Plasner, DEPUTY

May 18, 2011

## LETTER OPINION

## ORIGINAL FILED WITH THE CLERK OF THE COURT

Feitlin, Youngman, Karas & Youngman, LLC     Law Offices of Eugene D. Roth
Michael R. Herz, Esq.                        Eugene D. Roth, Esq.
9-10 Saddle River Road                       Valley Park East
Fair Lawn, New Jersey 07410                  2520 Highway 35, Suite 307
*Counsel for Catherine E. Youngman,*         Manasquan, New Jersey 08736
*Chapter 7 Trustee*                          *Counsel for Creditor, Nancy Minchello*

Re:    **In re Holiday Tree and Trim, Co.**
       **Case No. 10-43491 (DHS)**

Dear Counsel:

        Before the Court is a motion by Catherine E. Youngman, Chapter 7 Trustee ("Trustee")
for Holiday Tree and Trim, Co. ("Debtor") for entry of an Order pursuant to 11 U.S.C. §§ 541(a)
and 542(a), directing Hudson City Savings Bank ("Hudson City") to account for and promptly
turn over bank account funds to the bankruptcy estate.  Hudson City does not oppose the motion.
Nancy Minchello ("Nancy"), a creditor, opposes the motion on the basis that the funds being

Page 2
May 18, 2011

held by Hudson City are not property of the estate, but rather belong to her by virtue of a written agreement with the Debtor executed in 1988.

For the reasons that follow, the Trustee's motion is granted. The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 1334(b), 157(b)(2)(A) and (E), and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984. Venue is proper under 28 U.S.C. § 1408. The following shall constitute the Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

## FACTS AND PROCEDURAL HISTORY

On October 28, 2010, the Debtor filed for voluntary relief under Chapter 7. It listed a single asset on Schedule B of the petition, a "Balance of proceeds of sale of real property held by William M. Feinberg, in trust." For many years, the Debtor had operated a Christmas tree, decoration, and merchandise business located at 748-756 Broadway, Bayonne, New Jersey ("Property"). (Cert. of Scott J. Marum in Opp'n to Trustee's Mot., ¶¶ 2-3) ("Marum Cert.") The business was run by brothers Phillip and Ralph Minchello. Phillip and his wife Cynthia collectively owned fifty (50) shares of the issued, outstanding common stock. (*Id.*) Ralph and his wife Nancy collectively owned the remaining (50) fifty shares. (*Id.*)

In 1988, in order to resolve disputes between the brothers, the shareholders entered into a "Retirement Agreement," whereby Ralph and Nancy exchanged their fifty percent (50%) ownership interest for 1,000 shares of non-voting, no par, preferred stock, resigned as corporate officers, received a pension and life insurance, and the right to forty percent (40%) of the "net sales proceeds" from a future sale of the Debtor's assets, including, but not limited to, the Property. (*Id.*)

Ralph Minchello passed away on December 1, 2005. On July 18, 2007, the Debtor closed on the sale of the Property. (*Id.* at ¶ 6) Following the sale, a dispute arose between Nancy and the Debtor as to the amount owed to her under the Retirement Agreement. On August 30, 2008, the Debtor voluntarily placed the sale proceeds in escrow under the auspices of William M. Feinberg, pending a trial. (Trustee's Mar. 4, 2011 Letter Br. in Reply, Ex. A) ("Mar. 4 Letter") Mr. Feinberg opened three trust accounts, including the Hudson City account, for the purposes of holding the sale proceeds. (*Id.*) The Hudson City account is listed as "William M Feinberg In Trust For Holiday Tree & Trim Company." (Trustee's Appl. in Supp. of Mot. for Accounting and Turnover, ¶ 5) ("Trustee's Appl.") Nancy Minchello's name does not appear on the account. (Mar. 4 Letter, p. 2)

Nancy commenced an action in the state court in an effort to obtain her interest in the proceeds. On July 15, 2010, judgment was entered in her favor in the amount of $945,739.40.

Page 3
May 18, 2011

The accompanying letter opinion by Judge Baber was limited to the issue of how much Nancy was owed. *See Minchello v. Holiday Tree and Trim Co.*, No. HUD-L-5574-07, (N.J. Super. Ct. Law Div. May 28, 2010) (*see also* Mar. 4 Letter, Ex. B). The court did not decide whether Nancy had a right to any specific funds, including the Hudson City account. *Id.* Thereafter, on September 6, 2010, in an effort to collect on her judgment, the Hudson County Sheriff levied on the Hudson City account. On September 29, 2010, Nancy filed a Motion for Turnover of Funds in the state court. That motion was pending when the Debtor filed the instant bankruptcy petition on October 28, 2010.

The Trustee asserts that because the sale proceeds originated from a sale of the Debtor's assets, 11 U.S.C. § 541(a) makes them property of the Debtor's estate and subject to turnover pursuant to 11 U.S.C. § 542(a). The Trustee notes that Nancy's name does not appear on the Hudson City account nor does she offer supporting documentation to prove the account was created for her sole benefit or that she has a security interest in the accounts. (Mar. 4 Letter, p. 2) Mr. Feinberg's correspondence to the Trustee also states that "there have been several levies on the accounts." (*Id.* at Ex. A) The Trustee asserts that this demonstrates the account was never intended exclusively for Nancy's benefit.

As further evidence that Mr. Feinberg believed the funds held in escrow were property of the Debtor, the Trustee notes that Mr. Feinberg attempted to turn the accounts over to the Trustee upon receiving notice of the bankruptcy filing. (Trustee's Appl., ¶ 7) Hudson City refused to release the funds because of the levy. (*Id.* at ¶ 8) However, the Trustee contends that section 542(a) requires Hudson City, as the entity in possession and control of the funds, to immediately deliver them to the Trustee. The Trustee notes that Nancy, as a judgment creditor, retains the right to file a proof of claim pursuant to 11 U.S.C. § 501(a), and be paid from the bankruptcy together with other creditors.

Nancy argues that she is more than a mere judgment creditor and that forty percent (40%) of the sale proceeds "were rightfully her property as of the date of closing on the sale" of the Property in 2007, pursuant to the Retirement Agreement. (Feb. 28, 2011 Suppl. Letter Br. in Opp'n, pp.3-4) ("Suppl. Opp'n Br.") Therefore, she asserts that because the Debtor ceased to hold any legal or equitable interest in her portion of the proceeds as of the closing date, such portion is not property of the estate under section 541(a).

## DISCUSSION

The sole issue before the Court is whether the sale proceeds are property of Nancy Minchello or property of the Debtor's bankruptcy estate. If they are property of the estate, they are also subject to immediate turnover to the Trustee and to claims of other creditors.

Page 4
May 18, 2011

The bankruptcy estate is created at the moment a petition is filed. 11 U.S.C. § 301. At that instant, all "legal and equitable interests of the debtor in property" become property of the estate, regardless of where they are located or by whom they are held. 11 U.S.C. § 541(a)(1). As such, the concept of the bankruptcy estate is extremely broad. *See United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S. Ct. 2309 (1983). In determining whether a debtor possessed a legal or equitable interest in property on the petition date, bankruptcy courts turn to applicable state law. *United States v. Butner*, 440 U.S. 48, 99 S. Ct. 914 (1979); *In re Brannon*, 476 F.3d 170 (3d Cir. 2007).

In New Jersey, the act of levying on a debtor's personal property perfects a judgment lien, thus securing a legal interest in the subject property for the levying creditor. *In re Blease*, 605 F.2d 97 (3d Cir. 1979) (citing *Vineland Sav. & Loan Ass'n v. Felmey*, 12 N.J. Super. 384, 393 (Ch. Div. 1950). A levy, however, does not cut off a debtor's equitable interest. Rather, it is the turnover proceeding that "marks the final judicial determination of the debtor's interest in the account and provides the bank [and competing levying creditors] a final opportunity to object to the levy, [determine priorities], and preserve whatever equitable rights remain." *In re Ana Flores*, 2011 Bankr. LEXIS 69, at *6 (Bankr. D.N.J. Jan. 6, 2011) (citing *Sylvan Equip. Rental Corp. v. C. Washington & Son, Inc.*, 292 N.J. Super 568, 573, 679 A.2d 213, 216 (Law Div. 1995)). Here, the motion for turnover had not been decided at the time the Debtor filed his petition. Accordingly, the Debtor retained at the very least an equitable interest in the Hudson City account as of the filing date.

Ms. Minchello asserts that the Debtor ceased to hold any legal or equitable interest in forty percent (40%) of the sale proceeds as of July 18, 2007, nearly three years before the filing. The Retirement Agreement requires the Debtor to make payment upon the closing of a sale of its assets. (Marum Cert., Ex. A, ¶ 4 "Payment of Purchase Price") However, this agreement simply gives Nancy a right to be paid. It does not make forty percent (40%) of the sale proceeds her property or grant her a security interest in those specific funds. The Debtor could have paid Nancy out of any source of funds. While the Court is sympathetic to her interest, Nancy is simply a general unsecured creditor under state law and the Bankruptcy Code. The funds being held by Hudson City are property of the Debtor's estate, subject to distribution pursuant to the Code, and should be turned over to the Trustee.

## CONCLUSION

Neither the levy nor the Retirement Agreement cut off the Debtor's interest in the sale proceeds. Nancy is the holder of a judgment with a right to be paid but not out of specific property. The Hudson City account is held in trust in the Debtor's name with no evidence that it was created for Ms. Minchello's sole or primary benefit. Moreover, it appears that other creditors and taxing authorities may also have claims to be paid out of the funds. As Judge Baber noted, N.J.S.A. 14A:7-14:1 and 14A:12-16 prohibit the Retirement Agreement from

Page 5
May 18, 2011

overriding the statutory priority scheme for the sale proceeds.  Thus, it is clear to the Court that the Hudson City funds should be turned over to the Trustee as they represent estate property under § 541(a).

An Order in Conformance with this Opinion has been entered by the Court and is attached hereto.

Very truly yours,

s/    *Donald H. Steckroth*

DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Enclosure